**HUB BUILDING & LOAN CO v STONE et**

Ohio Appeals, 2nd Dist, Franklin Co

No 2884.   Decided Oct 4, 1938

D. T. G. Lum, Columbus, for plaintiff-appellant.

James N. Linton, Columbus, and Henry J. Linton, Columbus, for defendant-appellees, Jonas Pletsch and Mary Pletsch.

**OPINION**

By HORNBECK, J.

In December, 1933, plaintiff sued on a past due cognovit note which it held against defendant, Stones, and to foreclose a mortgage on a 99-year leasehold renewable forever on certain real estate in the City of Columbus which the Stones held as assignees from Zanes & Trokas, original lessees, from defendants the Pletsches, owners of the reversionary fee simple title in the real estate.

In February, 1934, the Pletsches filed their answer and cross petition with averments of their title to the real estate, breaches by lessees of certain covenants in the lease in four particulars, election to forfeit the

lease and notice thereof in December, 1933, the lessees and plaintiff. To this answer and cross petition plaintiff interposed a general demurrer which was overruled. Thereafter plaintiffs replied, made an issue of the Pletsches' right of forfeiture of the lease and prayed that their answer and cross petition be dismissed.

The court found for the Pletsches and ordered that the leasehold be forfeited.

The appeal on questions of law is grounded upon three claims:

(1) The demurrer to Pletsches' answer and cross petition should have been sustained because it appears that as a matter of law they had waived their right of forfeiture for all covenants breached by accepting rental due after notice of an election to forfeit.

(2) Upon the issues of fact forfeiture should not have been decreed because no notice was given of election thereof after acceptance of rent.

(3) Upon principles of equity the decree was harsh and unfair to plaintiff in that it failed to order a sale of the leasehold estate upon certain conditions as to the payment of sum required to make necessary repairs on the buildings on the premises leased, etc.

Some further pertinent facts are that the property, the subject of the lease, consisted of a tract of land upon which there were four buildings, one on Livingston Avenue, a two-story brick with two store rooms on ground floor and living apartments above, a three-story brick, corner Livingston and Parsons Avenue, storeroom on first floor, apartments on second, and a hall on the third, and two two-story brick double dwelling houses on Parsons Avenue.

The net annual rentals payable monthly were to be $2700.00, first ten years; $3000.00 second ten years; and $3500.00 thereafter. $2700.00 was deposited to assure performance of the lease upon which 6% interest was allowed the lessees. The lease was in the second ten years of its term and the monthly rental was then $236.50. While the proceedings were pending in January, 1934, on motion of a tenant of lessees the court appointed a receiver to manage the properties, collect and account for rents.

At the time of the service of notice of election to forfeit the lease the Stones were in arrears for rent and had breached three other covenants of the lease, all of which defaults were included in the notices, but thereafter the rent due was tendered and accepted for the month of January, 1934. Thereafter the covenants as to taxes and

insurance were observed but at no time were the provisions of the covenant to repair met. At the time of hearing the rentals due had not been paid by $1067.00 covering a period of about five months and the total monthly receipts were insufficient to pay the monthly rentals. The cost of needed repairs to the buildings as estimated by witnesses for the Pletsches was $2000.00, which amount it is claimed by plaintiff, because of the nature of some of the items included in the estimate of the Pletsches' witnesses, should not come under the classification of repairs as contemplated by the terms of the lease and should be reduced to the sum of $800.00.

In addition to the mortgage upon the leasehold the plaintiff also had an assignment from the Stones of all their right, title and interest in the lease.

The covenants, conditions and provisions of the lease which it is necessary to consider are as follows:

Article II, a covenant whereby lessee agrees to pay and discharge all legal taxes, assessments, * * * and all other charges of every kind, nature and description due or to become due on the premises leased.

Article III, a covenant of the lessees at their own cost to insure and keep insured against loss by fire in the sum of $15,000.00 all buildings on the premises leased.

Article IV, a covenant that lessee will "at his own cost and expense keep all buildings or improvements now on or hereafter constructed on said premises, in good condition and repair", * * * "and surrender said premises in good condition and repair as aforesaid, * * *."

Article IX, that * * *

"No waiver of any breach of any covenant, condition or stipulation herein contained shall be taken or construed to be a waiver of any succeeding or future breach of the same covenant, condition or stipulation or of any other covenant, condition or stipulation herein; provided, however, that the lessee shall have reasonable time and opportunity after notice of default or breach in the performance or observance of any covenant, agreement or stipulation herein, to remove or correct such default or breach to save the lessor harmless therefrom."

We consider together the first two claims of error. In support of the first plaintiff cites many cases which go to the general proposition that where a party is entitled to a forfeiture, because of failure to pay rent and for breaches of other covenants

an acceptance of rent after notice of election to forfeit waives not only the right to forfeit for such breach, but for known breaches of other covenants.

It follows that if there be a waiver of all known breached covenants by the acceptance of rent if the covenants be continuing in nature it will be necessary if lessor elects to forfeit that a new notice be given subsequent to the date of the acceptance of the rent. The rule is so well stated in Granite Building Assn. v Green (R. I.), 54 Atl. 792, in the opinion at p. 794, that we quote it:

"Am. and Eng. Ency. of L. (2d Ed.) Vol. 18, p. 388.
" 'Some covenants and conditions are susceptible of a continuing breach. In such a case a waiver of a breach extends only to past breaches, and will not preclude the lessor from taking advantage of a forfeiture incurred subsequent to such waiver. The covenant to keep in repair, to keep premises insured, to pay taxes, * * * have been held to be continuing, so that a waiver of one breach would not preclude a 'forfeiture for a subsequent breach'. In short, the rule seems to be well settled that where a condition in the lease is single, it is wholly discharged by one waiver. But if it be continuous, the waiver only discharges the partial breach."

These statements of principle can not control as against specific provisions in the written lease between the parties if such provisions are enforceable. The right of the plaintiff herein must be measured by and can rise no higher than that of the original lessees in respect of the claim of waiver.

By the quoted portions of Article IX of the lease the parties agreed that the act of curing the breach of the covenant to pay rent does not waive breaches of other covenants. It follows that if a notice has been given of an election to forfeit because of violation of several covenants the removal of the breach as to one of them will not invalidate the notice as to the other breaches.

The ultimate question then upon these two assignments of error is whether or not there is anything in the terms of Article IX of the lease which prevents the lessor insisting upon a strict compliance therewith upon the simple application of the meaning of the language employed. This question was not considered nor briefed by either party. Thus there is nothing set

forth which would move this court to say that the lease should not be enforced in terms.

In 13 C. J., 423, it is said that a person may lawfully waive by agreement the benefit of statutory provisions not invoking a penalty nor against public policy. Such rights as exemptions, homestead, statutes of limitation and usury may be waived. Many cases cited support the text. In Goshen v People, (Colo.) 44 Pac. 503, it was held that,

"A statute taking away the right of a lessor to use force in regaining possession for breach of condition does not invalidate a clause in a lease providing that on breach of condition the lessor may enter and use such force as is necessary to remove the lessee."

We perceive no lawful reason why Article IX of the lease should not be given full force and effect. When this is done the general objections which are urged lose their effect in the specific situation presented between the parties because their rights are controlled by their own written contract.

The third claim of error is that the decree of forfeiture of the court under all the facts is inequitable.

This appeal is on law and by virtue thereof, unless the trial judge was manifestly unfair, abused his discretion or clearly denied plaintiff the benefit of equitable consideration, the decree must be supported. It is our judgment that the action of the trial court was neither unwise nor inequitable. At the time of the hearing there was an arrearage in rent due the Pletsches in the sum of more than a thousand dollars. Repairs, contemplated by the lease were and for a long time had been needed in a minimum amount of $800.00. The gross receipts from the buildings upon the leased premises were insufficient to meet the monthly rentals. The cost of the receivership which had been effective for many months had been met from funds which but for it would have been paid to the Pletsches.

Plaintiff urges that it was but in the status of a mortgagee out of possession. It had, however, to increase its security accepted an assignment of the Stones' interest in the lease and had full right and authority to act for and on their behalf. The plaintiff did not offer to secure the costs, the money which was required of lessees to make essential repairs nor any

arrearage in rent. Without some such assurance the trial judge was well within his rights in refusing to order a sale under conditions when every indication was that the value of the leasehold would not yield anything to the mortgagee, the plaintiff over and above sums then due and to the lessors, the Pletsches.

We have carefully considered all of the errors assigned and finding none of them sustained, the judgment will be affirmed.

BARNES, PJ, and GEIGER, J, concur.

## ON APPLICATION FOR REHEARING

Decided Oct 28, 1938

### PER CURIAM

Submitted on application for rehearing.

The gist of the argument on the application is that notwithstanding the express language of Article IX, to effect that "no waiver of any breach of any covenant, condition or stipulation herein contained shall be taken or construed to be a waiver * * * or any other covenant, condition or stipulation herein", it is not enforceable because the acceptance of rent due for a period subsequent to the breach of the covenant for rent and other covenants was a waiver of all covenants and conditions of the lease respecting forfeiture.

We are cited to the **Ohio Farmers' Insurance Company v Cochran, 104 Oh St 427; Shields, et v Supreme Council of Royal Arcanum, 123 Oh St 31; Lind v The State Automobile Mutual Insurance Association, 128 Oh St 1; Rex v Paulson, (1921) A. C. 271.**

The insurance cases hold that there may be a waiver of the terms of a policy as to formal proofs of loss notwithstanding a provision in the policy or by-laws that a waiver will be effective only when made in a certain manner therein set forth.

In Insurance Co. v Cochran, supra, upon the facts set out by the insured, Cochran, there had been a clear waiver of the provisions of the insurance contract respecting formal proof of loss within sixty days from the date of the fire. The opinion by Judge Wanamaker is grounded upon the propositions that there had been a substantial compliance with the contract by the insured and that they had the right to compel substantial compliance by the company; that under the circumstances of the case under consideration the company could not be said in any wise to have been substantially wronged; that the insurance company by its own acceptance and conduct had waived the obligation of filing written proofs of loss and that it could not be heard to say that it had not in fact waived, though its contract provided that such action must be noted upon the policy in writing.

The Canadian case cited, Rex v Paulson, supra, is based upon the fundamental injustice of permitting a landlord to eject a tenant after acceptance of rents subsequent to a breach or covenant because the waiver was required by their lease to be expressed in writing. This adjudication is no more than a holding that actions which in fact amount to and accompany a waiver in law can not be avoided by provision in a lease that they are not effective because not noted thereon in writing.

The lease under which Paulson held the property leased, namely, a mine, contained many conditions, one of which, No. 12, was:

"The lessee shall commence active operations upon the said lands within one year from the date of commencement of said term and shall work a mine or mines thereon within two years from that date, etc., unless prevented from doing so by circumstances beyond his control or excused from doing so by the Minister."

It is further provided, condition No. 14, that:

"Waiver on behalf of His Majesty, his successors or assigns of any such breach shall not take effect or be binding upon him or them unless the same be expressed in writing under the authority of the Minister and any waiver so expressed shall extend only to the particular breach so waived and shall not limit or affect his or their rights with respect to any other or future breach."

The court found that the conditions as to the beginning of operations of the leased mine within one year, and therefore the other provisions of condition No. 12, had been waived up to February 1, 1909. Rental for the property for the year ending July 5, 1909 was sent June 24, 1908. The election to forfeit was made a few months after this last date, so that under the facts presented to the court there was no default by lessee of any condition of the lease at the time that lessor elected to forfeit. Thus any discussion in which the writer of the opinion engaged respecting the effect of accepting rental as a waiver of other

known breaches of the lease was nothing more than obiter. The opinion dwells upon the injustice which would result to the lessee by reason of sustaining the forfeiture and says that the lessee had paid rent and received no benefits for six years. It should further be noted that there were no provisions in the lease under consideration in the cited case like those found in the lease in the instant case as in Article IX thereof:

"No waiver of any breach of any covenant, condition or stipulation or of any other covenant, condition or stipulation herein contained shall be taken or construed to be a waiver of any succeeding or future breach of the same covenant, condition or stipulation or of any other covenant, condition or stipulation herein."

We readily recognize that some of the discussion by the writer of the opinion in the cited case supports the claim of appellant but upon the ultimate question decided the case is not authority against our former decision.

The distinction between the cited cases and the situation here presented seems obvious. Here the lease merely provided that a breach of one covenant did not waive the breach of another. In so far as such provision is reasonable and does not amount to an injustice to the lessee, it should be enforced. Here the covenant to repair was never observed and its breach was material.

In this case, when the action to declare the forfeiture was begun there was a default not only in the rental covenant but also in other covenants as well.

The application for rehearing will be denied.

BARNES, PJ, HORNBECK and GEIGER, JJ, concur.